# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DYNO NOBEL INC.,** | ] |
| **Plaintiff,** | ] |
| v. | ] 2:19-cv-01782-ACA |
| **MS & R EQUIPMENT CO., INC., et al.,** | ] |
| **Defendants.** | ] |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff Dyno Nobel, Inc.'s motion to dismiss the counterclaim filed by Defendants MS & R Equipment, Co. Inc." ("MSR") and Cedar Lake Mining, Inc. ("Cedar Lake") or, in the alternative, motion for a more definite statement (doc. 11) and motion to strike an affidavit attached to the counterclaim[1] (doc. 12).

The court **GRANTS IN PART** and **DENIES IN PART** the motion to dismiss or, in the alternative, for a more definite statement. Because MSR and Cedar Lake's counterclaim contains only conclusory allegations without any factual support, the court **GRANTS** the motion for a more definite statement and **ORDERS** MSR and

---

[1] The motion to strike the affidavit also sought to strike two paragraphs from MSR and Cedar Lake's answer. (Doc. 12 at 4). In a later brief, Dyno Nobel withdrew that request. (Doc. 17 at 3 ¶ 2).

Cedar Lake to replead their counterclaim in conformity with Federal Rules of Civil Procedure 8(a)(2) and 10(b), as well as the Eleventh Circuit's instructions about proper pleading. The court **DENIES** the motion to dismiss the counterclaim. The court **DENIES AS MOOT** the motion to strike the affidavit.

I. BACKGROUND

At this stage, the court must accept as true the factual allegations in the challenged pleading and construe them in the light most favorable to the non-movant. *Butler v. Sheriff of Palm Beach Cty.*, 685 F.3d 1261, 1265 (11th Cir. 2012). The court may also consider exhibits attached to the pleading. *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016).

Dyno Nobel filed its complaint in diversity, alleging that MSR and Cedar Lake purchased "certain goods and products" from Dyno Nobel from June 2019 through October 2019. (Doc. 1-1 at 2). However, according to Dyno Nobel, MSR and Cedar Lake have not paid for those goods and services. (*Id.*). As a result, MSR owes Dyno Nobel $464,322.08 (doc. 1 at 2–4; doc. 1-1 at 3), and Cedar Lake owes Dyno Nobel $1,242,336.64 (doc. 1 at 4–7; doc. 1-1 at 3). Dyno Nobel asserts four state law claims against each defendant: an "open account" claim ("Counts One and Five"); a "verified account" claim ("Counts Two and Six"); a "goods sold and

delivered" claim ("Counts Three and Seven"); and a breach of contract claim ("Counts Four and Eight").[2] (Doc. 1 at 2–6).

MSR and Cedar Lake filed a counterclaim, alleging that on November 8, 2017, they entered into a "letter agreement" with Dyno Nobel for Dyno Nobel to provide explosive products and services at their mines for three years. (Doc. 7 at 4 ¶ 6). They assert that Dyno Nobel negligently provided explosive products and services at three separate mines, causing them damages, and that Dyno Nobel intentionally, wantonly, and negligently dumped explosive emulsion containing ammonium and nitrates mixed with diesel fuel on a spoil of their property. (*Id.* at 5–6 ¶¶ 7–10). The complaint appears to assert claims of negligence, wantonness, and violations of "applicable environmental statutes, including without limitation" the Federal Surface Mining Control and Reclamation Act, 30 U.S.C. § 1270(f), and the Alabama Surface Mining Control and Reclamation Act, Ala. Code § 9-16-95(f). (*Id.* at 5–6).

MSR and Cedar Lake attach to their counterclaim an affidavit by Michael T. Costello. (Doc. 7 at 8). His affidavit states that he is the president of MSR and Cedar Lake, that he has under his control and supervision the information and

---

[2] Dyno Nobel also named as defendants "X, Y, and Z," who are "those persons, firms, and/or entities who utilized the products and services reflected in the Plaintiffs' [sic] unpaid invoices all of whose names will be added by way of amendment when ascertained." (Doc. 1 at 2). In the final count of its complaint, Dyno Nobel alleges that X, Y, and Z owe it $1,706,658.72 (*id.* at 7), which appears to be the sum of the amounts that MSR and Cedar Lake each owe it.

documents related to MSR and Cedar Lake's transactions with Dyno Nobel, and that the facts stated in the counterclaim "are true and correct, according to [his] knowledge, information and belief." (*Id.* at 8–9).

## II. DISCUSSION

Dyno Nobel has filed two motions: (1) a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for a more definite statement under Rule 12(e), and (2) a motion to strike Mr. Costell's affidavit. The court will address the motion to dismiss first.

### 1. Motion to Dismiss or for a More Definite Statement

Rule 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. "To survive a motion to dismiss, the plaintiff must plead 'a claim to relief that is plausible on its face.'" *Butler*, 685 F.3d at 1265 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quotation marks omitted). Rule 12(e), by contrast, allows the court to order a more definite statement when the pleading "is so vague or ambiguous that the party cannot reasonably prepare a response."

MSR and Cedar Lake's counterclaim contains nothing more than "the-defendant-unlawfully-harmed me" accusations. They allege, in a conclusory manner, that Dyno Nobel acted negligently in the way that it provided explosive products and services and that it acted intentionally, wantonly, negligently, and in violation of federal and state law by dumping of explosive emulsion on their property. (Doc. 7 at 5–6). But such "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Ashcroft*, 556 U.S. at 678. They must provide facts about what they allege Dyno Nobel did, aside from acting "negligently."

Moreover, MSR and Cedar Lake's counterclaim is one of the types of shotgun pleadings that the Eleventh Circuit has repeatedly condemned. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015) (describing one type of shotgun pleading as "commit[ting] the sin of not separating into a different count each cause of action or claim for relief"). Federal Rule of Civil Procedure 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." In their counterclaim, however, MSR and Cedar Lake appear to assert claims of negligence, wantonness, and violations of federal and state law "without limitation." (Doc. 7 at 6). That is the type of vague

or ambiguous statement of a claim to which a party cannot reasonably prepare a response.

Accordingly, the court **GRANTS** Dyno Nobel's motion for a more definite statement and **ORDERS** MSR and Cedar Lake to replead their counterclaim in compliance with the Federal Rules of Civil Procedure and the Eleventh Circuit's instructions about proper pleading. They may file the counterclaim on or before February 26, 2020.

2. Motion to Strike

MSR and Cedar Lake attach to their counterclaim Mr. Costello's affidavit, in which he attests that "the facts stated [in the counterclaim] are true and correct, according to my knowledge, information and belief." (Doc. 7 at 8–9). Dyno Nobel seeks to strike that affidavit on the basis that (1) an affidavit based on information and belief cannot serve to verify the counterclaim, and (2) under an Alabama evidentiary rule, the affidavit is insufficient to dispute Dyno Nobel's verified account claims. (Doc. 12; *see also* Doc. 17 at 1–2).

It is true that affidavits based, even in part, on "information and belief" may not create a genuine dispute of fact to defeat a motion for summary judgment. *Pace v. Capobianco*, 283 F.3d 1275, 1278 (11th Cir. 2002). But the court need not determine at this point whether Mr. Costello's affidavit can serve to verify the counterclaim or be considered at the summary judgment stage, because the court's

order to replead the counterclaim moots the motion to strike evidence attached to the counterclaim. Accordingly, the court **DENIES AS MOOT** the motion to strike.

## III. CONCLUSION

The court **GRANTS IN PART** and **DENIES IN PART** Dyno Nobel's motion to dismiss or, in the alternative, for a more definite statement. The court **DENIES** the motion to dismiss the counterclaim. The court **GRANTS** the motion for a more definite statement and **ORDERS** MSR and Cedar Lake to replead their counterclaim in compliance with the Federal Rules of Civil Procedure and the Eleventh Circuit's instructions on proper pleading. They must file their amended counterclaim **on or before February 26, 2020**.

The court **DENIES AS MOOT** the motion to strike.

**DONE** and **ORDERED** this February 12, 2020.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE